IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CHESTER HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-2861 M/An |
| vs. | ) | |
| | ) | |
| THE INVIRONMENTALISTS | ) | |
| COMMERCIAL SERVICES COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

_____

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SET ASIDE
ENTRY OF DEFAULT AND MOTION TO DISMISS FOR LACK OF SERVICE OF
PROCESS
_____

Before the court is Defendant The Invironmentalists Commercial Services Company's ("the Invironmentalists") Motion to Set Aside Entry of Default and Motion to Dismiss for Lack of Service of Process, (D.E. #11), filed on August 24, 2007. Plaintiff Chester Hunter filed his response in opposition to the Motion on September 24, 2007. (D.E. # 13.) United States District Judge Samuel H. Mays Jr. referred this matter to the Magistrate Judge.[1] For the reasons below, the court recommends that the Defendant's Motion to Set Aside Entry of Default and Motion to Dismiss for Lack of Service of Process be GRANTED.

**BACKGROUND**

_____

[1]        As motions to set aside default and to dismiss are not pretrial matters, the Magistrate Judge must proceed by Report and Recommendation.  28 U.S.C. § 636(b)(1)(b). *United States v. Tyson*, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

This case is an employment discrimination action under Title VII of the Civil Rights Act of 1964.  The Invironmentalists is a California corporation registered to do business in Tennessee, and its registered agent is listed with the Tennessee Secretary of State as C T Corporation System ("CT").[2]  Plaintiff was employed by the Invironmentalists at its place of business at 2665 Broad Avenue in Memphis, Tennessee ("the Broad Avenue office").  On January 28, 2005, Plaintiff was fired from his employment with the Invironmentalists, after seventeen years on the job.  According to Plaintiff, he was discriminated against based on his race.  Specifically, Plaintiff alleges that he, a black employee, was fired while a white employee who was involved in the same infraction was not.  Plaintiff filed suit on December 20, 2006, for employment discrimination alleging violation of Title VII.

When Plaintiff was employed by the Invironmentalists, Kevin Kenny was the general manager at its Broad Avenue office.  On January 30, 2006, Kenny Floor Covering, Inc. purchased the assets of the Invironmentalists and began doing business at the Broad Avenue office.  Since that time neither Mr. Kenny nor any employee of Kenny Floor Covering, Inc. has been in any way affiliated with the Invironmentalists, nor has the Invironmentalists done business at or occupied office space at the Broad Avenue office.

Plaintiff served the Summons and Complaint in this action addressed to Kevin Kenny, individually, on February 28, 2007, at the Broad Avenue office, and Russell Whitaker accepted service of process.  On March 1, 2007, counsel for the Invironmentalists, Richard H.  Allen Jr., advised Plaintiff by telephone that Mr. Kenny no longer worked for the Invironmentalists and

---

[2]        In its Memorandum in Support of Defendant's Motion to Set Aside Entry of Default and Motion to Dismiss for Lack of Service of Process, the Invironmentalists lists its registered agent as C.T. Corporate System, but the Secretary of State lists the agent as C T Corporation System.

could not accept service of process on its behalf.  Mr.  Allen then confirmed the content of that conversation in a letter mailed to Plaintiff.  On March 16, 2007, Plaintiff sent notice of the Summons to Mr. Allen.  Plaintiff then attempted to serve the Invironmentalists through CT, its registered agent, on April 12, 2007.  On the Summons, however, Plaintiff listed the defendant's name as "The Invironmentalist Commercial Service Company" rather than "The Invironmentalists Commercial Services Company."  Thereafter, Ericka Fry of C T Corporation System returned the correspondence stating that "The Invironmentalist Commercial Service Company" was not listed on CT's records.  Then, on April 27, 2007, the United States District Court Clerk issued another summons to the Invironmentalists which a private process server, Ashley Copeland, delivered to the receptionist of Kenny Floor Covering, Inc., at the Broad Avenue office.

In May of 2007, Mr. Allen contacted Plaintiff's counsel and informed him that Mr. Kenny and Kenny Floor Covering, Inc., were not affiliated with the Invironmentalists, and that Plaintiff should serve the Invironmentalists through its registered agent.  During the month of June the parties engaged in settlement negotiations, during which Mr.  Allen again informed Plaintiff's counsel that Plaintiff had not properly served the Invironmentalists.

The Invironmentalists did not file an answer nor otherwise appear in this case.  As a result, Plaintiff moved for an entry of default against the Invironmentalists on July 5, 2007, and then filed a corrected Motion for Entry of Default on July 10, 2007.  On July 16, 2007, Plaintiff's counsel informed Mr.  Allen that he was attempting to reach his client to determine whether he would accept the Invironmentalists's settlement offer.  At that time, Mr. Allen advised Plaintiff's counsel that the Invironmentalists had still not been served with the Summons and Complaint,

3

but that he was now authorized to accept service of process on behalf of the Invironmentalists. Mr. Allen then confirmed this conversation in writing. The Clerk of Court entered default on July 30, 2007, and Plaintiff's counsel left a telephone message on Mr. Allen's voice mail stating that default had been entered against the Invironmentalists. On August 24, 2007, the Invironmentalists filed the instant Motion to Set Aside Entry of Default and Motion to Dismiss for Lack of Service of Process. Plaintiff then filed his response in opposition on September 24, 2007.

## ANALYSIS

### A. Motion to Set Aside Entry of Default

Under the Federal Rules of Civil Procedure, defendants are required to serve an answer within twenty days of being served with a summons and complaint.[3] When a defendant fails to respond or otherwise defend an action, the clerk can enter a default against the defendant.[4] Rule 55(c) authorizes the court to set aside an entry of default for "good cause shown."[5] The court is allowed considerable latitude to grant a defendant relief from an entry of default under the good cause shown standard.[6] To determine whether good cause exists, the court must consider (1) whether the plaintiff would be prejudiced if default is set aside ; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's culpable conduct led to the entry of

---

[3] Fed. R. Civ. P. 12(a)(1)(A).

[4] Fed. R. Civ. P. 55(a).

[5] Fed. R. Civ. P. 55(c).

[6] *Johnson v. Foxx*, 2006 WL 2843839, at *2 (E.D. Mich. Oct. 2, 2006) (quoting *U.S. v. Real Property and All Furnishings Known as Bridwell's Grocery and Video*, 195 F.3d 819, 820 (6th Cir. 1999)).

default.[7]  A court must set aside an entry of default when the defendant satisfies two of these three factors.[8]

Regarding the first factor, Plaintiff does not allege that he would suffer prejudice should the Court set aside the entry of default.  Therefore, this factor weighs in favor of setting the default aside.  As to the second factor, the Court has no evidence before it regarding the merits of the Invironmentalists's defense.  So this factor does not weigh in favor of or against setting aside the entry of default.  The third factor, however, appears to be dispositive.  It does not appear that the Invironmentalists was culpable in causing the clerk's entry of default against it in this case.  Although the Invironmentalists may have been aware of the claim against it, it was never properly served with the Summons and Complaint.  "[I]f service of process was not proper, the court must set aside an entry of default."[9]

It appears that service was not proper on the Invironmentalists.  In Plaintiff's Response to the Invironmentalists's Motion, Plaintiff alleges that he properly served the Invironmentalists by leaving the Summons and Complaint at its last known address and by serving it through its registered agent, C T Corporation System.  Plaintiff's attempts to effect service by delivering a copy of the Summons and Complaint to the Defendant's last known address and leaving it with someone who was not authorized to accept service were not effective.  A plaintiff must serve a corporation by delivering the Summons and Complaint to one authorized by appointment or by

---

[7]     *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990)*; United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Although *United Coin* involved a Rule 60(b) motion to set aside default judgment, rather than a Rule 55(c) motion to set aside entry of default, the court stated that "the three factors [] should be applied in both situations."  *United Coin Meter Co., Inc.*, 705 F.2d at 845.

[8]     *O.J. Distributing, Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (citing *Shepard Claims Serv., Inc. V. William Darrah & Assoc.*, 796 F.2d 190, 193–94 (6th Cir. 1986)).

[9]     *Id.* at 353.

law to receive service of process.[10]  As to the Invironmentalists, the one authorized to receive service of process was its registered agent, C T Corporation System.  Because Plaintiff incorrectly listed the Defendant's name, however, service through C T was not effective as CT had no one listed under the name given.  Because the Invironmentalists was never properly served, the Court recommends that the entry of default be set aside.

**B.  Motion to Dismiss for Lack of Service of Process**

Rule 4(m) of the Federal Rules of Civil Procedure prescribes a 120 day time limit for the plaintiff to serve the defendant with a copy of the summons and complaint.[11]  Once the 120 days have passed without service of process, the court shall dismiss the action unless the plaintiff shows good cause for the failure.[12]  Plaintiff filed his original Complaint on December 20, 2006.  Plaintiff's time for serving Defendant, therefore, expired on April 20, 2007.  As Plaintiff failed to serve the Invironmentalists within the 120 day time period, the action should be dismissed.  Although a court has discretion to extend this period for good cause shown, the Plaintiff has made no such showing.  Therefore, the Court recommends that  Plaintiff's complaint be dismissed without prejudice for lack of service of process.

## CONCLUSION

For the reasons set forth above, the Court recommends that the Defendant's Motion to Set Aside Entry of Default and Motion to Dismiss for Lack of Service of Process be **GRANTED**.

---

[10]     Fed. R. Civ. P. 4(h)(1).

[11]     Fed. R. Civ. P. 4(m).

[12]     *Id.*

6

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE


DATE: October 15th, 2007.


ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.