```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| CHESTER HUNTER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 06-2861 Ma/A |
| | ) |
| THE INVIRONMENTALISTS | ) |
| COMMERCIAL SERVICES COMPANY, | ) |
| | ) |
|     Defendant. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Plaintiff, Chester Hunter, sues Defendant, The Invironmentalists Commercial Services Company, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. Before the court is Defendant's January 7, 2008, motion to adopt the Report and Recommendation of Magistrate Judge Thomas Anderson entered on October 15, 2007. The Magistrate Judge advised granting Defendant's motion to set aside entry of default judgment and to dismiss for lack of service of process. Plaintiff has not filed objections to the Report and Recommendation. The time in which to do so under the Local Rules has expired.

The court reviews *de novo* those portions of the report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C). The court is not required to review--under a *de*

*novo* or any other standard--those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985), see also Lardie v. Birkett, 221 F.Supp.2d 806, 807 (E.D. Mich. 2002). Because no objections have been filed in this matter, formal *de novo* review is not required, and the court reviews the Report and Recommendation for error.

The facts of this case are quickly summarized. Plaintiff filed suit against Defendant on December 20, 2006. (Rep. & Rec. at 2.) On February 28, 2007, Plaintiff served a summons and complaint on a party unable to accept service on Defendant's behalf. (Id.) Defense counsel advised Plaintiff of this fact by telephone and letter. (Id.) On April 12, 2007, Plaintiff attempted to serve Defendant through its registered agent, but the agent refused to accept service because the summons did not include Defendant's correct name. (Id. at 3.) On April 27, 2007, a private process server hired by Plaintiff served the party which had already been deemed incapable of accepting service on Defendant's behalf. (Id.) Defense counsel advised Plaintiff of this fact four times over the next three months and added that defense counsel was authorized to accept service on behalf of his client. (Id.)

Despite defense counsel's repeated warnings and offer to accept service, Plaintiff made no more attempts to serve

Defendant. (Id.) For want of proper service, Defendant did not file an answer to the complaint or otherwise appear in this case. (Id.) The Clerk of Court entered default judgment for Plaintiff on July 30, 2007. (Id. at 4.) On August 24, 2007, Defendant filed a motion to set aside default judgment and to dismiss for lack of service of process, to which Plaintiff responded on September 24, 2007. (Id.)

Considering the issue of default, the Magistrate Judge applied Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1990), which requires a court to set aside a default judgment if two of the following three factors are satisfied: (1) setting aside default would not prejudice Plaintiff, (2) Defendant has a meritorious defense, and (3) Defendant's culpable conduct did not lead to entry of default. The Magistrate Judge found that Plaintiff would not be prejudiced and that Defendant had committed no wrong leading to default judgment. (Rep. and Rec. at 5.) Therefore, he set aside the entry of default. (Id.) The Magistrate Judge also found that Defendant had never been properly served and recognized that "if service of process was not proper, the court must set aside an entry of default." O.J. Distributing, Inc. v. Hornell Brewing Co., 340 F.3d 345, 353 (6th Cir. 2003).

The Magistrate Judge found that Plaintiff had not met the requirements of Federal Rule of Civil Procedure 4.

3

Specifically, Plaintiff failed to serve a copy of the summons and complaint upon a party authorized to accept it. Given the 120 day time limit for service, the Magistrate Judge held that the time for service had expired and the action should be dismissed without prejudice. Fed. R. Civ. P. 4(m). After noting the "good cause" exception to the Rule, the Magistrate Judge found that Plaintiff made no such showing. (<u>Rep. and Rec.</u> at 6.)

The Magistrate Judge's Report and Recommendation of October 15, 2007, is fully supported by the record and is ADOPTED in full. The default judgment of July 30, 2007, is SET ASIDE, and Plaintiff's action is DISMISSED WITHOUT PREJUDICE.

So ordered this 28th day of January, 2008.

                                            s/ Samuel H. Mays, Jr.
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE